# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN PLOUT,

        *Plaintiff,*

v.

REN SHIJU, et al.,

        *Defendants.*

Case No. 2:26-cv-01134-CCW

**Judge Christy Criswell Wiegand**

**DEFENDANTS COFOLIFE.COM, FUNIYA.COM, AND LACEWAVE.COM'S MOTION TO VACATE THE PRELIMINARY INJUNCTION AND TO DISMISS THE <u>COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND MISJOINDER</u>**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ........................................................................................................................... 3

    I.     THE CLAIMS AGAINST DEFENDANTS SHOULD BE DISMISSED FOR
          LACK OF PERSONAL JURISDICTION AND IMPROPER JOINDER ............. 3

          A.    Legal Standard ..................................................................................... 3

          B.    Plaintiff Fails to Establish Personal Jurisdiction Over Defendants ............ 4

          C.    Defendants Are Improperly Joined with Other Named Defendants ........... 7

    II.    THE JURISDICTION-RELATED ALLEGATION OFFERED BY PLAINTIFF
          WARRANTS LIMITED DISCOVERY ............................................................. 8

    III.    THE PRELIMINARY INJUNCTION SHOULD BE VACATED ...................... 10

          A.    Legal Standard ................................................................................... 10

          B.    The Court Lacks Personal Jurisdiction Rendering the Injunction Void ... 10

          C.    Plaintiff Fails to Establish Irreparable Harm ........................................... 11

CONCLUSION ..................................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Control Screening LLC v. Tech. Application & Prod. Co. (Tecapro), HCMC-Vietnam*,
687 F.3d 163 (3d Cir. 2012) ...................................................................................................11

*D'Jamoos v. Pilatus Aircraft Ltd.*,
566 F.3d 94 (3d Cir. 2009) ....................................................................................................... 5

*eBay Inc. v. MercExchange, LLC*,
547 U.S. 388 (2006) ................................................................................................................ 12

*Estee Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*,
334 F.R.D. 182 (N.D. Ill. 2020) .............................................................................................. 7

*Flipside Wallets LLC v. Brafman Group, Inc.*,
No. 19-5356, 2020 WL 1330742 (E.D. Pa. Mar. 19, 2020) .................................................... 5

*Forcel Media Limited v. DecYI, et al.*,
No. 2:25-cv-750, 2025 WL 1665586 (W.D. Pa. June 12, 2025) ........................................ 6, 7, 8

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
592 U.S. 351 (2021) .................................................................................................................. 3

*Guidecraft, Inc. v. OJCommerce, LLC*,
2019 WL 2373440 (W.D. Pa. May 20, 2019) ......................................................................... 5

*Malibu Media, LLC v. Surgent*,
No. 12-3905, 2013 WL 1704289 (D.N.J. Apr. 19, 2013) ........................................................ 8

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*,
107 F.3d 1026 (3d Cir.1997) ................................................................................................... 9

*Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*,
960 F.2d 1217 (3d Cir.1992) ................................................................................................... 9

*Metcalfe v. Renaissance Marine, Inc.*,
566 F.3d 324 (3d Cir.2009) ..................................................................................................... 9

*Nifty Home Prods., Inc. v. Ladynana US*,
No. 23-1332, 2024 WL 4987245 (3d Cir. 2024) ..................................................................... 5

*O'Connor v. Sandy Lane Hotel*,
496 F.3d 312 (3d Cir. 2007) ..................................................................................................... 3

*Philip Morris USA Inc. v. Scott*,
561 U.S. 1301 (2010) ..............................................................................................................11

*Pinker v. Roche Holdings Ltd.*,
292 F.3d 361 (3d Cir.2002) ..................................................................................................... 9

*Ramsay v. Nat'l Bd. Of Med. Exam'rs*,
968 F.3d 251 (3d Cir. 2020) ............................................................................ 10

*Sampson v. Murray*,
415 U.S. 61 (1974)............................................................................................11

*TD Bank N.A. v. Hill*,
928 F.3d 259 (3d Cir. 2019)...................................................................... 12, 13

*Toys "R" Us, Inc. v. Step Two, S.A.*,
318 F.3d 446 (3d Cir. 2003) ............................................................... 4, 5, 8, 9

*Viking Arm AS v. P'hips & Unincorporated Ass'ns Identified on Schedule A*,
No. 24-1566, 2024 WL 2953105 (N.D. Ill. June 6, 2024) ............................... 7

*Winter v. Nat. Res. Def. Council, Inc.*,
555 U.S. 7 (2008)........................................................................................10, 11

*Xie v. GUANHE Home Essentials*,
No. 2:25-CV-00265, 2025 WL 1039233 (W.D. Pa. Apr. 8, 2025) ...................4, 5, 10, 11

**Statutes**

17 U.S.C. § 504........................................................................................... 13

**Other Authorities**

Federal Rule of Civil Procedure 11(b)(3) ................................................. 2, 10

Federal Rule of Civil Procedure 12(b)(2) ................................................... 1, 13

Federal Rule of Civil Procedure 20(a)(2) ...................................................... 7

Federal Rule of Civil Procedure 21 ............................................................... 7

**INTRODUCTION**

Defendants COFOLIFE.COM, FUNIYA.COM, and LACEWAVE.COM (collectively, "Defendants") respectfully move to dismiss the claims against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and to vacate the Preliminary Injunction entered against them. In the alternative, Defendants request that the Court find them improperly joined with the remaining defendants and sever the claims against them or drop them from this action pursuant to Rules 20 and 21.

This action rests on a Pennsylvania transaction that, according to Defendants' complete business records, never occurred. Plaintiff alleges that Defendants accepted an order from its representative at a Pennsylvania address, were willing to ship the accused product to Pennsylvania, and were willing to collect Pennsylvania sales tax. Dkt. 1 ¶ 3. That allegation supplies the principal asserted basis for personal jurisdiction and was used to obtain extraordinary injunctive relief against foreign defendants. Yet Defendants' Shoplazza order, payment, fulfillment, and shipping records contain no Pennsylvania order, no Pennsylvania purchaser, no payment associated with a Pennsylvania address, and no shipment or delivery to Pennsylvania. Declaration of Xinyu Zou ("Zou Decl.") ¶¶ 10–13, 34–41.

The actual records tell a materially different story. Each of the three accused listings generated only one order: three orders placed on the same date by the same purported purchaser, using the same Chicago, Illinois address. None was fulfilled or shipped, and Defendants' records show no other United States order for any Accused Product. *Id*. ¶¶ 14–33. Plaintiff's purported Pennsylvania test-purchase exhibit does not show a completed transaction. It consists only of a public product page and a checkout screen into which someone entered a Pennsylvania address; it contains no order number, payment confirmation, tax receipt, shipping record, tracking number, or

1

proof of delivery. *Id*. ¶¶ 36–41; Ex. 5. The evidence therefore strongly indicates that the purported Pennsylvania transaction was simulated by entering forum information into a checkout page without completing an actual purchase.

These facts defeat personal jurisdiction. Defendants did not target Pennsylvania, knowingly transact with a Pennsylvania resident, or sell, fulfill, ship, or deliver an Accused Product into the forum. The unilateral entry of a Pennsylvania address by Plaintiff or its agent cannot manufacture the minimum contacts that due process requires. Nor may Plaintiff aggregate Defendants with numerous unrelated online sellers. Although cofolife.com, funiya.com, and lacewave.com are commonly operated by Shenzhen Jijin Technology Co., Ltd., they share no ownership, accounts, personnel, inventory, business operations, or coordinated conduct with the remaining defendants. Zou Decl. ¶¶ 42–53.

If the Court does not dismiss the claims on the present record, narrowly tailored jurisdictional discovery is necessary to determine whether Plaintiff's asserted test purchase ever existed. Plaintiff should be required to produce the complete order confirmation, payment record, sales-tax calculation, purchaser information, shipping and fulfillment records, tracking information, proof of delivery, and communications concerning the purported transaction. That discovery will resolve the jurisdictional issue and determine whether Plaintiff had evidentiary support for the allegations in Paragraph 3 when the Complaint was filed. If no completed transaction or delivery record exists, the Court may then consider whether Plaintiff's allegations violated Rule 11(b)(3) or warrant other appropriate sanctions.

The Preliminary Injunction independently cannot stand because Plaintiff has not shown likely irreparable harm. Defendants made no completed sale of an Accused Product to an ordinary consumer, shipped no product into Pennsylvania, and engaged in no continuing course of

completed sales. Plaintiff identifies no lost customer, licensing opportunity, market injury, reputational damage, or other imminent injury that could not be remedied through monetary relief. Because Plaintiff cannot establish personal jurisdiction, proper joinder, or likely irreparable harm, the Court should dismiss the claims against Defendants and vacate the Preliminary Injunction.

<u>ARGUMENT</u>

## I.    THE CLAIMS AGAINST DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND IMPROPER JOINDER

### A.    Legal Standard

Under the due process clause of the United States Constitution, a court may have personal jurisdiction over a nonresident defendant if (i) the defendant has certain "minimum contacts" with the forum state, and (ii) the exercise of personal jurisdiction would not "offend traditional notions of fair play and substantial justice." *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358-59 (2021) (internal quotations and citations omitted). This inquiry focuses on the "nature and extent of a defendant's relationship to the forum State," which has led to the recognition of two types of personal jurisdiction—general ("all-purpose") jurisdiction, and specific ("case-linked") jurisdiction. *Id.*

Plaintiff recognizes that Defendants "reside in the People's Republic of China or other foreign jurisdictions." Dkt. 1 ¶ 31. The only issue at dispute here concerns specific personal jurisdiction.

In the Third Circuit, the courts will have specific jurisdiction, if (i) the defendant "purposefully directed its activities at the forum," (ii) the litigation "arises out of or relates to" those activities, and (iii) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel*, 496 F.3d 312, 317 (3d Cir. 2007). In the context of e-commerce, "the mere operation of a commercially interactive web" is

insufficient to establish minimum contacts and therefore personal jurisdiction. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). Plaintiff must show that the defendant purposefully availed itself of the privilege of conducing activities within the forum state "by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Xie v. GUANHE Home Essentials*, No. 2:25-CV-00265, 2025 WL 1039233, at *2 (W.D. Pa. Apr. 8, 2025) (internal quotations and citations omitted).

### B.       Plaintiff Fails to Establish Personal Jurisdiction Over Defendants

Plaintiff fails to establish personal jurisdiction because it relies on conclusory allegations of purposeful availment without any supporting evidence. The relevant allegation provides:

> "Personal jurisdiction over each Defendant satisfies constitutional due process because each Defendant has purposefully directed and expressly aimed its tortious activities at the Commonwealth of Pennsylvania and established sufficient minimum contacts with Pennsylvania by, among other things, be willing to accept an order for a product bearing Plaintiff's copyrighted designs from a representative of Plaintiff with a Pennsylvania address, be willing to ship the product to that representative in Pennsylvania, and be willing to collecting Pennsylvania sales tax. In addition, upon information and belief, each Defendant has sold additional products bearing Plaintiff's copyrighted designs to consumers within Pennsylvania not affiliated in any way with Plaintiff through the regular course of business, with the knowledge that Plaintiff is harmed in Pennsylvania as a result of its sales of infringing products to Pennsylvania residents. Plaintiff's claims arise out of and relate to Defendants' sales of infringing products bearing Plaintiff's copyrighted designs to Pennsylvania residents through the regular course of business."

Dkt. 1 ¶ 3.

These allegations fail to demonstrate any purposeful availment by Defendants. As a threshold matter, the mere maintenance of a commercial website—even one accessible to Pennsylvania residents—is insufficient to establish personal jurisdiction. As the court explained, "[t]he operation of an online storefront from which Pennsylvania residents can make purchases, if they so choose—standing alone—is insufficient to establish minimum contacts with Pennsylvania."

4

*Xie*, 2025 WL 1039233, at \*4.

This conclusion is consistent with well-established precedent. *See Flipside Wallets LLC v. Brafman Group, Inc.*, No. 19-5356, 2020 WL 1330742, at \*3 (E.D. Pa. Mar. 19, 2020) ("Even if [the defendant] knew or should have known that its products would end up in Pennsylvania through Amazon sales, that expectation is insufficient to establish specific jurisdiction."); *Guidecraft, Inc. v. OJCommerce, LLC*, 2019 WL 2373440, at \*5 (W.D. Pa. May 20, 2019) (explaining that businesses using Amazon "glean customers thousands of miles away" but that "such reach does not meet the definition of purposeful availment as interpreted by the Third Circuit, and neither does it satisfy the fairness inquiry"); *see also D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) ("General allegations regarding the product's presence in the forum state, without evidence of deliberate targeting of the forum, were insufficient.").

Moreover, Plaintiff's reliance on a test purchase to show that Defendants' accused products were delivered into the forum state is likewise insufficient to establish personal jurisdiction. Even if Plaintiff alleges that each Defendant has been "willing to accept an order for a product bearing Plaintiff's copyrighted designs from a representative of Plaintiff with a Pennsylvania address, be willing to ship the product to that representative in Pennsylvania, and be willing to collecting Pennsylvania sales tax" Dkt. 1 ¶ 3, such allegations do not establish purposeful availment.

Courts have consistently held that jurisdiction cannot be created through unilateral, litigation-driven contacts initiated by the plaintiff. *See Nifty Home Prods., Inc. v. Ladynana US*, No. 23-1332, 2024 WL 4987245, at \*3 (3d Cir. 2024) (single sales into the forum set up by plaintiff insufficient to establish purposeful availment); *Toys "R" Us, Inc.*, 318 F.3d at 454–55 (two sales orchestrated by the plaintiff insufficient to establish personal jurisdiction because these two sales "appear to be the kind of 'fortuitous,' 'random,' and 'attenuated' contacts that the Supreme Court

has held insufficient to warrant the exercise of jurisdiction"); *Forcel Media Limited v. DecYI, et al.*, No. 2:25-cv-750, 2025 WL 1665586, at *2 (W.D. Pa. June 12, 2025) ("If Forcel or its counsel or agents simply ordered these products to create personal jurisdiction, that doesn't work.").

Most importantly, Defendants have never sold, fulfilled, shipped, or delivered any Accused Product to Pennsylvania. Zou Decl. ¶¶ 10–13. The complete Shoplazza records show only one order for each accused listing: a $36.38 order through cofolife.com, an $18.36 order through funiya.com, and a $25.98 order through lacewave.com. Each order was placed on April 1, 2026, by the same purported customer, "Larry Carter," using the same Chicago, Illinois address, and none was fulfilled or shipped. *Id*. ¶¶ 14–32; Exs. 2-4. Other than those three unfulfilled Illinois orders, Defendants' records show no other United States order for any Accused Product. Zou Decl. ¶ 32. These records negate Plaintiff's allegation that Defendants sold accused products to Pennsylvania residents or otherwise directed the accused conduct toward Pennsylvania.

Plaintiff's purported test-purchase exhibit does not establish otherwise. Plaintiff's test-purchase exhibit shows only a public product page and a checkout screen into which someone entered a Pennsylvania address; it contains no completed order number, payment confirmation, fulfillment record, shipping confirmation, tracking number, carrier record, or proof of delivery. *Id*. ¶¶ 36–39; Ex 5. Defendants' actual backend records contain no corresponding Pennsylvania order. Zou Decl. ¶¶ 37–41. A visitor's unilateral entry of a Pennsylvania address into a checkout form—without completing a purchase or generating an order—cannot constitute conduct purposefully directed by Defendants toward Pennsylvania. At most, it demonstrates that Plaintiff or its agent accessed a generally available website and entered forum information of its own choosing.

Accordingly, Plaintiff has not carried its burden of establishing a *prima facie* basis for specific personal jurisdiction. The availability of Defendants' websites in Pennsylvania, combined

with a simulated checkout page and no completed Pennsylvania transaction, does not demonstrate purposeful availment. Because Defendants have no suit-related contact with Pennsylvania, the Complaint should be dismissed as to Defendants for lack of personal jurisdiction.

## C.    Defendants Are Improperly Joined with Other Named Defendants

Defendants should also be dismissed for improper joinder. Rule 20(a)(2) permits joinder of defendants only where the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and where a question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2); *Viking Arm AS v. P'hips & Unincorporated Ass'ns Identified on Schedule A*, No. 24-1566, 2024 WL 2953105, at *1 (N.D. Ill. June 6, 2024) ("It is well established … that 'simply committing the same type of violation in the same way does not link defendants together for the purpose of joinder.'"). And under Rule 21, a court may, on just terms, add or drop a party at any time. Fed. R. Civ. P. 21.

This Court addressing Schedule A-style cases have consistently rejected attempts to join numerous unrelated defendants based solely on allegations that they independently infringed the same intellectual property. As the court explained in *Forcel Media Limited*, "it is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements," because "absent some sort of connection among the defendants, one defendant's alleged infringement does not arise out of the same transaction, occurrence, or series of transactions or occurrences as another defendant's unrelated infringement." 2025 WL 1665586, at *2-3 (quoting *Estee Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020)).

Here, Plaintiff alleges no facts suggesting any relationship, coordination, or concerted activity among Defendants and the other named defendants. *See* Dkt. 1 ¶¶ 5, 18. There is no

7

allegation that Defendants shares suppliers, distribution channels, ownership, control, or any other nexus with any co-defendant. Zou Decl. ¶¶ 42-53. Instead, Plaintiff relies solely on the assertion that numerous unrelated parties allegedly sold similar products through the same online marketplace. That is precisely the type of "unrelated infringement" that courts have held insufficient to support joinder.

In view of this standard, and expressly relying on Judge Ranjan's holding in *Forcel Media*, the District Court should conclude that allowing joinder of "one hundred and fifty-three seemingly unrelated Defendants" in Schedule A-style cases "would undermine judicial economy, [is] not in the interest of justice, and [would] hamper[] the Court's ability to conduct meaningful review of the merits of the case." *Forcel Media*, 2025 WL 1665586, at *4. Moreover, "[e]ven where joinder is permissible under Rule 20, a court may exercise its discretion to sever or drop defendants if it concludes that doing so would further the interests of judicial economy without prejudice to any party." *Id*. (quoting *Malibu Media, LLC v. Surgent*, No. 12-3905, 2013 WL 1704289, at *2 (D.N.J. Apr. 19, 2013)).

In short, Plaintiff's attempt to aggregate dozens of unrelated defendants into a single action is a procedural shortcut that the Federal Rules do not permit. Defendants stand alone, accused of independent conduct with no connection to any co-defendant. Rule 20 requires more than similarity—it requires a shared transaction or occurrence, which is plainly absent here. Accordingly, Defendants is improperly joined and should be dismissed from this action.

## II.    THE JURISDICTION-RELATED ALLEGATION OFFERED BY PLAINTIFF WARRANTS LIMITED DISCOVERY

While a plaintiff shoulders the burden of demonstrating sufficient jurisdictional facts, "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us*, 318 F.3d at 456 (quoting *Mass. Sch. of Law at Andover, Inc. v.*

8

*Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997)). "[It] is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Id*. at 457 (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir.2002)). "If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the parties] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id*. at 456 (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992)). Jurisdictional discovery is "particularly appropriate where the defendant is a corporation." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir.2009). A court must determine whether certain discovery avenues, "if explored, might provide the 'something more' needed" to establish personal jurisdiction. *Toys "R" Us*, 318 F.3d at 456.

The Court should permit limited jurisdictional discovery concerning Plaintiff's purported Pennsylvania test purchase. Plaintiff expressly alleges that Defendants were "willing to accept an order for a product bearing Plaintiff's copyrighted designs from a representative of Plaintiff with a Pennsylvania address, be willing to ship the product to that representative in Pennsylvania, and be willing to collect[] Pennsylvania sales tax." Dkt. 1 ¶ 3. Defendants' backend records directly contradict that allegation: they reflect no Pennsylvania order, payment, shipment, or delivery. Limited discovery should therefore require Plaintiff to produce the complete transaction record, including the order confirmation, payment receipt, sales-tax calculation, fulfillment and shipping records, tracking number, proof of delivery, purchaser identity, and communications concerning the purported test purchase.

That discovery is necessary not only to resolve the jurisdictional dispute, but also to determine whether Plaintiff possessed evidentiary support for its factual allegations when it filed

9

the Complaint. A publicly accessible checkout page into which a Pennsylvania address was entered does not establish that Defendants accepted an order, collected payment or sales tax, shipped a product, or completed a Pennsylvania transaction. If Plaintiff cannot produce an actual order record, payment confirmation, tracking information, or proof of delivery, its allegation in Paragraph 3 may lack the evidentiary support required by Rule 11(b)(3). Any such finding could warrant separate proceedings under Rule 11 and, to the extent the allegation was repeated in sworn testimony, may also raise concerns regarding false sworn statements. The Court should therefore authorize narrowly tailored jurisdictional discovery limited to the existence, authenticity, and completion of the purported Pennsylvania test purchase.

## III.    THE PRELIMINARY INJUNCTION SHOULD BE VACATED

### A.    Legal Standard

"A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id*. at 24 (citation omitted). The Supreme Court has made clear that such relief "may only be awarded upon a clear showing" that the plaintiff is entitled to it. *Id*. at 22.

### B.    The Court Lacks Personal Jurisdiction Rendering the Injunction Void

As to the grant of preliminary injunction, "a sufficient degree of success for a strong showing exists if there is a reasonable chance or probability[] of winning." *Xie*, 2025 WL 1039233, at *2 (quoting *Ramsay v. Nat'l Bd. Of Med. Exam'rs*, 968 F.3d 251, 256 (3d Cir. 2020)). "Because Plaintiff will ultimately have to establish personal jurisdiction by a preponderance of the evidence,

10

the precise question before the Court now is whether Plaintiff has established 'a reasonable probability' that [Plaintiff] will be able to establish personal jurisdiction by a preponderance of the evidence." *Xie*, 2025 WL 1039233, at \*2 (citing *Control Screening LLC v. Tech. Application & Prod. Co. (Tecapro), HCMC-Vietnam*, 687 F.3d 163, 167 (3d Cir. 2012)).

As personal jurisdiction does not exist over Defendants, any injunction entered against them cannot stand. It is well established that a court must have personal jurisdiction over a defendant before it may impose binding injunctive relief, and the absence of such jurisdiction renders any order void as to that party. Here, for the reasons set forth above, Plaintiff cannot demonstrate even a reasonable probability—let alone by a preponderance of the evidence—that personal jurisdiction exists over Defendants. Without this threshold showing, Plaintiff necessarily fails to establish a likelihood of success on the merits, which is a prerequisite to preliminary injunctive relief.

Accordingly, the Preliminary Injunction as applied to Defendants is legally unsustainable and must be vacated.

### C.      Plaintiff Fails to Establish Irreparable Harm

Plaintiff bears the burden of showing that irreparable injury is likely absent injunctive relief. "Plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 24. Speculative or theoretical injury is insufficient. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Likewise, "[n]ormally the mere payment of money is not considered irreparable" because "money can usually be recovered from the person to whom it is paid." *Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010).

11

In *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006), the Supreme Court rejected categorical rules that automatically grant injunctions upon a finding of copyright infringement and reaffirmed that courts must apply traditional equitable principles. *Id*. at 392–93. Indeed, the Third Circuit has recognized that, "after *eBay*, irreparable harm can no longer be presumed based on continued infringement and a likelihood of success on the merits." *TD Bank N.A. v. Hill*, 928 F.3d 259, 280 (3d Cir. 2019). The Third Circuit has held that "*eBay* abrogates our presumption of irreparable harm in copyright cases. The Copyright Act does not direct courts to depart from traditional principles of equity in adjudicating requests for injunctive relief…" *Id*. at 279.

Therefore, Plaintiff's bare allegation of copyright infringement, without concrete evidence of resulting harm, cannot satisfy its burden. The Third Circuit has made clear that irreparable harm in copyright cases "must be prove[n], not presumed," and that "[a] bare violation of a statutory right enshrined in the Copyright Act does not establish irreparable harm." *Id.* at 279–80. Plaintiff must instead demonstrate that the challenged conduct is likely to cause an injury that is both imminent and incapable of adequate compensation through monetary relief. *Id*.

Plaintiff cannot make that showing here. Defendants' complete Shoplazza records establish that no Accused Product was ever ordered, sold, fulfilled, shipped, or delivered to Pennsylvania. Zou Decl. ¶¶ 10–13, 34–35. Each accused listing generated only one order: three orders placed on the same date by the same purported purchaser using the same Illinois address. None of those orders was fulfilled, shipped, or delivered, and Defendants' records show no other United States order for any Accused Product. *Id*. ¶¶ 14–32. Plaintiff therefore identifies no dissemination of an Accused Product to an ordinary consumer, no lost sale or licensing opportunity, no damage to the market for the copyrighted work, no reputational injury, and no ongoing course of completed sales.

Nor does Plaintiff's purported Pennsylvania test-purchase exhibit establish irreparable

12

harm. The exhibit shows only a publicly accessible product page and a checkout screen into which someone entered a Pennsylvania address. Zou Decl. ¶¶ 36–41; Ex 5. It contains no completed order number, payment confirmation, fulfillment record, shipping confirmation, tracking number, carrier record, or proof of delivery. Zou Decl. ¶¶ 36–41. Defendants' backend records contain no corresponding Pennsylvania transaction. *Id*. Merely entering an address into a checkout form does not demonstrate that a sale occurred, that an accused product entered the marketplace, or that Plaintiff suffered any actual or threatened injury.

Any cognizable economic loss attributable to the accused listings would, in any event, be compensable through the remedies provided by the Copyright Act. *See* 17 U.S.C. § 504. As the Third Circuit explained, "the availability of adequate monetary damages belies a claim of irreparable injury." *TD Bank*, 928 F.3d at 281 (citation omitted). Plaintiff cannot preserve an extraordinary preliminary injunction by invoking infringement in the abstract while offering no evidence that Defendants' conduct caused, or is likely to cause, any noncompensable injury.

Accordingly, Plaintiff has failed to demonstrate that irreparable harm is likely absent continued injunctive relief. Because irreparable harm is an indispensable prerequisite to a preliminary injunction, the Preliminary Injunction should be vacated as to Defendants.

## CONCLUSION

For the foregoing reasons, Defendants cofolife.com, funiya.com, and lacewave.com respectfully request that the Court dismiss the claims against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Alternatively, Defendants request that the Court find them improperly joined with the remaining defendants and sever the claims against them or drop them from this action pursuant to Rules 20 and 21.

Defendants further request that the Court vacate the Preliminary Injunction as applied to

13

them because Plaintiff cannot establish personal jurisdiction, a likelihood of success on the merits, or likely irreparable harm.

Should the Court determine that the present record does not permit immediate dismissal, Defendants request narrowly tailored jurisdictional discovery concerning the existence, authenticity, payment, fulfillment, shipment, and alleged delivery of Plaintiff's purported Pennsylvania test purchase, together with such other and further relief as the Court deems just and proper.

Dated:    July 20, 2026.

THE LAW OFFICE OF X. LYU, PLLC

By: */s/   Jian Wang*
Jian Wang, NYSBA No. 6315865
36-36 Prince St., Ste 309A
Flushing, New York 11354
Phone: (212) 812-8253
Email: jwang@lyulawpllc.com
*PRO HAC VICE*

14

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 20, 2026, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court for the Western District of Pennsylvania using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

By: /s/   Jian Wang
Jian Wang
