**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEAN PLOUT, | |
| *Plaintiff,* | Case No. 2:26-cv-01134-CCW |
| v. | **Judge Christy Criswell Wiegand** |
| REN SHIJU, et al., | |
| *Defendants.* | |

**DECLARATION OF XINYU ZOU IN SUPPORT OF DEFENDANTS' MOTION TO
VACATE THE PRELIMINARY INJUNCTION AND TO DISMISS THE COMPLAINT
FOR LACK OF PERSONAL JURISDICTION AND MISJOINDER**

I, Xinyu Zou, declare as follows:

1. I am over eighteen years of age and competent to make this Declaration. I make this Declaration based on my personal knowledge and my review of business records maintained in the ordinary course of business. If called as a witness, I could and would testify truthfully to the matters stated herein.

2. I am an authorized representative of Shenzhen Jijin Technology Co., Ltd. (深圳市极尽科技有限公司) ("Jijin"). My position is general manager.

3. In my role, I am familiar with Jijin's e-commerce operations, including its ownership and operation of the websites cofolife.com, funiya.com, and lacewave.com, as well as the sales, order, payment, fulfillment, and shipping records associated with those websites.

4. Jijin owns and operates the following three websites named as Defendants in this action:

a. cofolife.com;

b. funiya.com; and

c. lacewave.com.

5. The three websites use Shoplazza as an e-commerce platform. I have access to and regularly review the Shoplazza administrative accounts and order records associated with the websites.

6. The screenshots attached to this Declaration are true and correct copies of records displayed in the Shoplazza administrative accounts for the three websites. Those records were made and maintained in the ordinary course of Jijin's business.

7. Jijin also maintained the PayPal account used to process payments associated with the three websites. Following entry of the Temporary Restraining Order in this action, the PayPal account was restrained or frozen.

8. A true and correct copy of the notice displayed by PayPal concerning the legal or regulatory order received in connection with this action is attached as **Exhibit 1**.

9. The PayPal notice identifies the legal proceeding as *Jean Plout v. Defendants et al.* and identifies Keith Vogt as the agency recipient and contact person, with the contact information associated with Plaintiff's counsel.

10. I reviewed the complete order histories maintained in the Shoplazza administrative accounts for the product listings and stock-keeping units accused in this action.

11. Jijin's records show no order for any of the Accused Products with a shipping address in Pennsylvania.

12. Jijin has never fulfilled, shipped, or delivered any of the Accused Products to Pennsylvania.

13. Jijin's records identify no purchaser of any Accused Product located in Pennsylvania.

14. The only order associated with the accused listing on cofolife.com concerned SKU **QY624-Light grey**.

15. The cofolife.com records show only one order for that SKU. The order was placed on April 1, 2026, in the amount of **$36.38**.

16. The cofolife.com order identified "Larry Carter" as the recipient and listed a delivery address at: 1111 W. 35th Street, 15th Floor, Chicago, Illinois 60609-1404.

17. The cofolife.com order was not fulfilled. The product was never shipped or delivered to the listed address or to any other address.

18. True and correct copies of the cofolife.com administrative records showing the sole order, its amount, recipient, delivery address, and unfulfilled status are attached as **Exhibit 2**.

19. The only order associated with the accused listing on funiya.com concerned SKU **WTS181497-WHI00S**.

20. The funiya.com records show only one order for that SKU. The order was placed on April 1, 2026, in the amount of **$18.36**.

21. The funiya.com order identified the same recipient, "Larry Carter," and the same delivery address at 1111 W. 35th Street, 15th Floor, Chicago, Illinois 60609-1404.

22. The funiya.com order was not fulfilled. The product was never shipped or delivered to the listed address or to any other address.

23. True and correct copies of the funiya.com administrative records showing the sole order, its amount, recipient, delivery address, and unfulfilled status are attached as **Exhibit 3**.

24. The only order associated with the accused listing on lacewave.com concerned SKU **White-S-A003128956**.

3

25. The lacewave.com records show only one order for that SKU. The order was placed on April 1, 2026, in the amount of **$25.98**.

26. The lacewave.com order identified the same recipient, "Larry Carter," and the same delivery address at 1111 W. 35th Street, 15th Floor, Chicago, Illinois 60609-1404.

27. The lacewave.com order was not fulfilled. The product was never shipped or delivered to the listed address or to any other address.

28. True and correct copies of the lacewave.com administrative records showing the sole order, its amount, recipient, delivery address, and unfulfilled status are attached as **Exhibit 4**.

29. The three orders described above were placed on the same date, within a short period of one another, using the same recipient name, the same contact information, and the same Illinois delivery address.

30. Each order was the only order ever placed through the corresponding Accused Product listing.

31. None of the three orders was fulfilled, shipped, or delivered.

32. Other than those three unfulfilled orders directed to the same Illinois address, Jijin's business records show no other order for any of the Accused Products in the United States.

33. Based on the identical recipient information, identical Illinois address, close timing of the three orders, the fact that each was the sole order for the corresponding listing, and the subsequent PayPal notice identifying Plaintiff's counsel, I believe the three orders were coordinated litigation test orders placed by or on behalf of Plaintiff or its counsel to create evidence of an Illinois transaction, rather than bona fide purchases by ordinary consumers.

34. No fact in Jijin's business records indicates that any of the orders was placed by a Pennsylvania resident or involved a Pennsylvania delivery address.

4

35. Jijin did not advertise, offer, sell, fulfill, ship, or deliver any of the Accused Products specifically to a customer in Pennsylvania.

36. I have reviewed the exhibit submitted by Plaintiff that purports to show an accused product offered through funiya.com and a checkout page containing a Pennsylvania shipping address. A true and correct copy of the exhibit submitted by Plaintiff is attached to this Declaration as **Exhibit 5**.

37. Exhibit 5 is not a record generated from the Shoplazza administrative account, order-management system, payment records, fulfillment records, or shipping records maintained by Jijin for funiya.com.

38. Exhibit 5 appears to show only a publicly accessible product page and a checkout page into which a person entered contact and shipping information. A person visiting the website can enter an address into the checkout page without completing a purchase, making payment, or causing an order to be created in the website's order-management system.

39. Exhibit 5 does not display a completed order number, payment confirmation, fulfillment record, shipping confirmation, tracking number, carrier record, proof of delivery, or any other information demonstrating that an accused product was actually sold, shipped, or delivered to Pennsylvania.

40. Because no corresponding Pennsylvania order exists in the website's actual business records, I believe Plaintiff's Exhibit 5 is not authentic evidence of a completed Pennsylvania sale or delivery. To the extent Plaintiff represents that the exhibit proves that an accused product was sold, shipped, or delivered to Pennsylvania, that representation is false.

5

41. Based on my review of Jijin's complete business records, I believe the purported Pennsylvania transaction shown in Plaintiff's exhibit was fabricated or simulated by entering a Pennsylvania address into the public checkout page without completing an actual purchase.

42. Although cofolife.com, funiya.com, and lacewave.com are commonly owned and operated by Jijin, Jijin and the three websites are independent of the other defendants named in this action.

43. Jijin does not own, operate, manage, or control any defendant named in this action other than cofolife.com, funiya.com, and lacewave.com.

44. No other defendant named in this action owns, operates, manages, or controls Jijin or the three moving websites.

45. Jijin has no partnership, joint venture, agency, employment, common-ownership, or common-control relationship with any of the other defendants named in this action.

46. Jijin and the three moving websites do not share any seller account, website account, PayPal account, bank account, business registration, employees, business records, inventory, warehouse, shipping account, customer list, or revenues with any other defendant named in this action.

47. Jijin independently selected the products offered through the three moving websites, established the prices for those products, maintained the product listings, and operated the websites.

48. Jijin did not enter into any agreement with another defendant concerning the manufacture, acquisition, sourcing, advertising, marketing, pricing, listing, sale, payment processing, shipment, or distribution of any Accused Product.

49. Jijin did not communicate or coordinate with another defendant concerning Plaintiff, Plaintiff's asserted artwork, the Accused Products, this lawsuit, or any alleged plan to infringe Plaintiff's rights.

50. The product listings, order records, customers, sales, revenues, website operations, and payment records associated with the three moving websites are separate from those of the other defendants.

51. Before learning of this lawsuit, I did not know the identities of most or all of the other defendants named in this action, and Jijin had no business relationship with them.

52. Any product listing or transaction attributable to cofolife.com, funiya.com, or lacewave.com was created and conducted by Jijin independently and was not undertaken jointly or in coordination with any other defendant named in this action.

53. Jijin and the three moving websites did not participate with any other defendant in a common transaction, coordinated course of conduct, shared business plan, collective enterprise, or common scheme relating to Plaintiff or the Accused Products.

54. I submit this Declaration in support of Defendants cofolife.com, funiya.com, and lacewave.com's Motion to Vacate the Preliminary Injunction and to Dismiss the Complaint for Lack of Personal Jurisdiction and Misjoinder.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 20, 2026.

By: _Xinyu Zou_____

7