IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN PLOUT,

      Plaintiff,

v.

REN SHIJU, et al.,

      Defendants.

Case No. 26-cv-1134

(Judge Wiegand)

**DECLARATION OF STANLEY D. FERENCE III IN SUPPORT OF PLAINTIFF'S
RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO VACATE THE
<u>PRELIMINARY INJUNCTION AND TO DISMISS THE COMPLAINT</u>**

I, STANLEY D. FERENCE III, declare as follows:

1. I am an attorney duly licensed to practice law in the Commonwealth of Pennsylvania and before this Court, and I am counsel of record for Plaintiff Jean Plout in the above-captioned matter. I submit this declaration in support of Plaintiff's Response in Opposition to Defendants cofolife.com, funiya.com, and lacewave.com's Motion to Vacate the Preliminary Injunction and to Dismiss the Complaint (ECF No. 52). I have personal knowledge of the matters set forth below based on my review of the docket and case file in this action, and if called to testify I could and would competently testify to the facts stated herein.

2. On May 29, 2026, Plaintiff filed the Complaint in this action against numerous Schedule A Defendants, including cofolife.com, funiya.com, and lacewave.com, alleging copyright infringement of Plaintiff's Dragonfly Bliss design, U.S. Copyright Registration No. VA 2-420-673. ECF No. 1.

3. On June 5, 2026, this Court entered a Temporary Restraining Order, which included an asset restraint and authorized expedited discovery, including interrogatories, requests for production, and requests for admission directed to all Defendants. ECF No. 15.

4. On June 26, 2026, this Court held a hearing on Plaintiff's motion for a preliminary injunction. ECF No. 33. No Defendant, including the moving Defendants here, appeared at that hearing, filed any response, or otherwise contested entry of a preliminary injunction. That same day, this Court entered the Preliminary Injunction Order, finding

"good and sufficient cause" for injunctive relief and continuing the asset restraints and expedited discovery obligations set forth in the Temporary Restraining Order. ECF No. 35 at 1; id. §§ I.A(13), II.A-B.

5. Section II.B(3) of the Preliminary Injunction Order specifically required Defendants to produce, among other things, "a full accounting of Defendants' sales history and listing history under such accounts" within fourteen days of notice. ECF No. 35 § II.B(3). Plaintiff served the expedited discovery required by that Order on June 5, 2026 by publishing those requests to the case-specific website through which Defendants have been served and may access all filings in this matter, and did not effect service by email. A true and correct copy of Plaintiff's expedited discovery requests is attached as **Exhibit A**. Based on my review of the docket and case file, I am not aware of any indication that the moving Defendants have served interrogatory responses, document production, or responses to requests for admission in compliance with that Order.

6. Between July 13 and July 15, 2026, counsel for the moving Defendants entered an appearance pro hac vice, filed a corporate disclosure statement, and obtained an extension of time to respond to the Complaint through July 29, 2026. Dkts. 42, 44, 46, 49.

7. On July 20, 2026, the moving Defendants filed the Motion to Vacate the Preliminary Injunction and to Dismiss the Complaint (ECF No. 52), supported by the Declaration of Xinyu Zou and Exhibits 1 through 5 (ECF No. 53). On July 21, 2026, this Court ordered Plaintiff to respond to that motion by July 28, 2026. ECF No. 55.

8. On July 28, 2026, I accessed the moving Defendants' online storefronts at https://www.cofolife.com, https://www.funiya.com, and https://www.lacewave.com, and generated true and correct copies of each storefront's homepage, Intellectual Property Rights page, and Shipping Policy page, described below. Those copies are attached collectively as **Exhibit B**, and each page reflects the internet address at which it appears and the date on which it was accessed.

9. As reflected in Exhibit B, each of the three storefronts is an active, English-language commercial website that displays goods for sale, prices those goods in United States dollars, advertises "free shipping for orders over $69," and accepts payment through methods used by United States consumers, including PayPal, Visa, Mastercard, American Express, Google Pay, and Apple Pay.

10. As reflected in Exhibit B, each storefront publishes a shipping policy that lists the "United States" first among its shipping destinations, quotes a fixed United States shipping rate of $6.99 for standard shipping and $9.99 for express shipping, states that orders are shipped through carriers including DHL, UPS, and FedEx, and identifies "China Mainland" among the destinations to which it does not ship.

11. As reflected in Exhibit B, each storefront displays for sale to United States consumers printed-artwork apparel of the type at issue in this action.

12. The coordinated, fragmented structure that the Complaint alleges is consistent with how these online-infringement networks operate, as my firm has repeatedly documented in related Schedule A litigation in this District. A single operator commonly controls many separate storefronts that are presented to the public as independent sellers.

13. For example, in a series of related Schedule A cases in this District, a single Chinese entity—Fu Zhou Hai Yi Tong E-Commerce Co., Ltd. ("Fu Zhou")—was identified, through corporate disclosures and the declarations of its own representatives, as the owner and operator of scores of seemingly independent storefronts bearing different seller names. A summary chart prepared from those disclosures and filed in *Jacobs v. Xuchengqian*, No. 2:25-cv-1403-WSS, ECF No. 56 (W.D. Pa.), reflects that Fu Zhou operated more than 100 seemingly independent storefronts under at least 50 different subsidiary entities.

14. These operators deliberately fragment a single business into many separate legal entities and storefronts. A Fu Zhou corporate representative admitted that Fu Zhou "establish[es] separate entities for different stores … primarily [for] tax considerations in China." *Comish v. The P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:25-cv-07049, ECF No. 47-1 ¶ 7 (N.D. Ill. Sept. 16, 2025). In my experience, foreign online sellers adopt this structure both for tax efficiency and to make enforcement in United States courts more difficult, and the infringing products offered across such storefronts are typically sourced from common manufacturers or suppliers.

15. The Moving Defendants fit that pattern. By their own account, the three storefronts—cofolife.com, funiya.com, and lacewave.com—are a single business: all three are owned and operated by one Chinese company, Shenzhen Jijin Technology Co., Ltd., yet each is held out to United States consumers as an independent store. Zou Decl. ¶¶ 3–7. In my

experience, an operator that runs multiple independent storefronts in this manner rarely limits itself to three, and the full extent of the relationships among the Schedule A Defendants—common ownership, common suppliers, and coordinated operation—cannot be determined on this pre-discovery record.

16. Attached as **Exhibit C** (filed under seal) is a true and correct copy of records produced by PayPal in response to a subpoena issued in this action for the PayPal account used to process payments for the Moving Defendants' storefronts. Those records reflect that the account is a business account associated with Xinyu Zou and Shenzhen Jijin Technology Co., Ltd., and that it is linked to an account at a United States bank into which the account's proceeds are directed.

17. As reflected in Exhibit C, that PayPal account is registered under email addresses that incorporate website names other than cofolife.com, funiya.com, and lacewave.com. In my experience, the Shoplazza e-commerce platform on which the Moving Defendants' storefronts operate permits a single operator to create and operate multiple storefronts from one account, and operators of these networks commonly maintain more than one payment account. The full set of storefronts and payment accounts the Moving Defendants operate, and their connection to the United States bank account identified in Exhibit C, cannot be determined without discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 28, 2026, in Pittsburgh, Pennsylvania.

/s/ Stanley D. Ference III
Stanley D. Ference III

4