# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN PLOUT,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Case No. 26-cv-1134

Judge Wiegand

**FILED UNDER SEAL**

## PLAINTIFFS' EXPEDITED INTERROGATORIES

AND NOW comes Plaintiff, by and through its attorneys, and serve the following Expedited Interrogatories on each Defendant in this action. In accordance with the Court Order dated June 5, 2026 ("TRO"), your responses are due no later than fourteen (14) days after these Interrogatories are served on you.

## DEFINITIONS

1.      Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Complaint, Plaintiffs' *Ex Parte* Application, and/or the TRO.

2.      The terms "Defendant," "you," and "your" refer to the Defendant listed on Schedule A, including all affiliates and subsidiaries, receiving these Interrogatories.

3.      The terms "concerning" or "relating to" (or any forms thereof) mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to. As indicated, the terms necessarily include information which is in opposition to as well as in support of the position(s) and claim(s) of the parties in this civil action.

- 1 -

4. The terms "communication" or "communications" refer to any transmission of information, the information transmitted, and any process by which information is transmitted, and will include written communications, electronic communications, and oral communications.

5. The term "person" refers to natural persons, firms, proprietorships, associations, partnerships, corporations, and every other type of organization or entity.

6. The terms "document" or "documents" refer to all written, typed, printed, recorded, filmed or reproduced by any other mechanical process, photographic, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, in any form, whether originals or copies, now or formerly in your possession, custody, or control, including, but not limited to: letters; correspondence; e-mails; memoranda; records; books; minutes of all types of meetings; contracts; subcontracts; agreements; exhibits; attachments; intra-office and inter-office communications; analyses; bulletins; regulations, rules, directives, advisory opinions, manuals, proposals; estimates; recommendations; opinions; messages; instructions; notes; notebooks; measurements; designs; sketches; drawings; blueprints; data sheets; telephone records; tapes; computer stored data; computer disks; diaries; desk calendars; work sheets; reports; facsimiles; records of telephone conversations, meetings and conferences; notes and records of conversations or interviews; invoices; bills; statements; accounts; checks; drafts; notices; computer printouts; computer tapes; photographs; slides; negatives; motion pictures; video recordings; tape or other voice recordings and transcriptions thereof; data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form; and any other writings or recordings or data compilations from which information can be obtained in your actual or constructive possession, custody, or control, including drafts and multiple versions of

documents containing marginalia or other comments or notes not appearing on the original. If any document was, but is no longer, in your possession or subject to your control, identify the document and identify its disposition, including, where applicable, the person who currently has possession and/or control of it.

7.    The words "identify" or "identity" mean when used in reference to:

(a)    a document, to state separately: (i) its type (letter, report, memorandum, etc.); (ii) its date; (iii) its subject matter; (iv) the identity of each author or signer; and (v) its present location and the identity of its custodian;

(b)    an oral statement, communication, conference, or conversation, to state separately: (i) its date and the place where it occurred; (ii) its substance; (iii) the identity of each person(s) participating in the communication or conversation; and (iv) the identity and location of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement;

(c)    a natural person or persons, to state separately: (i) the full name of each such person; (ii) his or her present or last known business address, or his or her present or last known residential address; and (iii) the employer of the person at the time to which the request or interrogatory is directed and the person's title or position at that time; and

(d)    an organization or entity (other than a natural person), a company, a corporation, a firm, an association, or a partnership, to state separately:

(e)    the full name and type of organization or entity; (ii) the date and state of organization or incorporation, if a business entity; (iii) the address of each of its principal places of business and headquarters; and (iv) the nature of the business conducted or services rendered.

8.    Respond separately and in writing to each interrogatory.

9.    In answering these interrogatories, furnish all information that is known to you, your attorneys, agents, advisers, employees, or persons otherwise acting on your behalf. If any of these requests for information cannot be answered in full, answer them to the fullest extent possible, state the reasons for your inability to answer the remainder, and state fully the information, knowledge, or belief you now have concerning the unanswered portions.

10.     Each interrogatory shall be construed as referring to information now within the knowledge, possession, custody, or control of you or your attorneys, agents, advisers, employees, or persons otherwise acting on your behalf, as well as any information, knowledge, data, document, or communication that subsequently is obtained or discovered by you or by your attorneys, agents, advisers, employees or persons otherwise acting on your behalf, that demonstrates that any answer originally provided in response to these requests for information was either incorrect or incomplete. Such supplemental information is to be supplied promptly to the party propounding these interrogatories with a designation as to which request the information is responsive.

11.     If you do not answer an interrogatory because you claim the information requested is privileged, as to each such interrogatory, state the privilege claimed, set forth the facts relied upon to support your claim of privilege and identify each document and/or communication upon which you base your claim of privilege.

12.     If any document forms a part of or the entire basis for any answer, identify that document.

13.     If any responsive document or portion of a responsive document is withheld from production on a claim of privilege, work-product protection, or other discovery immunity, such document should be identified on a privilege log which states, as to each such document: the name, affiliation, and job title of its author(s); the name, affiliation, and job title of its recipient(s); the name, affiliation, and job title of any copyholder(s); the date of the document; the basis for the claim of privilege, protection or immunity; and the request to which the document is responsive.

14.    These interrogatories are ongoing and you are required to file supplemental answers and/or provide additional documents as additional information becomes available.

## INTERROGATORIES

1.    Identify yourself, including your full name, including legal name and any alias, physical address, and occupation. Please provide the government identity card for each individual identified.

**ANSWER:**

2.    Identify all websites that you own and/or operate, as well as all Merchant Storefronts you maintain on any third-party service platform or online marketplace. For each account or storefront, state the name of the platform on which it operates, the name under which it is registered, the associated URL, and any identifying account numbers.

**ANSWER:**

3.    Identify any business or entity that operates and/or controls the Merchant Storefronts identified in your response to Interrogatory No. 2. Provide the name of the business, its principal place of business, its county/state, and date of incorporation (if applicable), a description of its business operations, and a description of its ownership and affiliates. Please provide the business registration documentation for each company or entity identified in this request.

**ANSWER:**

4.    Identify each of your Financial Accounts used in connection with any of your Merchant Storefronts, including providing the name of the financial institution, account type, account numbers, and current account balances.

- 5 -

**ANSWER:**

5.      Describe in detail the steps you have taken to comply with the TRO.

**ANSWER:**

6.      Identify each Infringing Product that you have sold.

**ANSWER:**

7.      For each product identified by you in your answer to Interrogatory No. 6, state:

(a)      The identity of each individual or entity involved in, or with knowledge of, the product's conception, research, development, and listing, including but not limited to the sourcing of the product for sale, creation of the product listing, and any marketing efforts used to promote the product;

(b)      The date the product was first listed or offered for sale by you and the third-party service platform(s) or online marketplaces on which it was listed;

(c)      The number of units sold since the product launch, broken down by month;

(d)      The gross revenue in U.S. Dollars you earned from the sale of the products since their launch, broken down by month;

(e)      The net profits you earned from the sale of the product since its launch, broken down by month;

(f)      The shipping destinations for the products purchased through your Merchant Storefronts;

(g)      The identity of each individual or entity with knowledge of the number of units sold, total sales revenue, and net profits that you earned from the product since its launch;

(h)      The current inventory of the product, including the quantity of products and packaging on hand;

(i)      The identity of each entity involved in manufacturing and/or supplying the products and/or its packaging;

(j)      The identity of each individual or entity involved in the fulfillment, warehousing, logistics, or shipping of the product, including any third-party services used for order processing and delivery.

**ANSWER:**

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 - Telephone
(412) 741-9292 - Facsimile

Attorneys for Plaintiffs

- 7 -

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN PLOUT,<br><br>                    Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>                    Defendants. | Civil Action No. 26-cv-1134<br><br>Judge Wiegand<br><br>**FILED UNDER SEAL** |

## PLAINTIFF'S EXPEDITED REQUESTS FOR PRODUCTION OF DOCUMENTS

AND NOW comes Plaintiff, by and through its attorneys, and serve the following Expedited Requests for Production of Documents on each Defendant in this action. In accordance with the Court Order dated June 5, 2026 ("TRO"), your responses are due no later than fourteen (14) days after these Requests for Production are served on you.

## DEFINITIONS

1.    Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Complaint, Plaintiff's *Ex Parte* Application, and/or the TRO.

2.    The terms "Defendant," "you," and "your" refer to the Defendant listed on Schedule A, including all affiliates and subsidiaries, receiving these Requests for Production.

3.    The terms "concerning" or "relating to" (or any forms thereof) mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to. As indicated, the terms necessarily include information which is in opposition to as well as in support of the position(s) and claim(s) of the parties in this civil action.

- 1 -

4.     The terms "communication" or "communications" refer to any transmission of information, the information transmitted, and any process by which information is transmitted, and will include written communications, electronic communications, and oral communications.

5.     The term "person" refers to natural persons, firms, proprietorships, associations, partnerships, corporations, and every other type of organization or entity.

6.     The terms "document" or "documents" refer to all written, typed, printed, recorded, filmed or reproduced by any other mechanical process, photographic, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, in any form, whether originals or copies, now or formerly in your possession, custody, or control, including, but not limited to: letters; correspondence; e-mails; memoranda; records; books; minutes of all types of meetings; contracts; subcontracts; agreements; exhibits; attachments; intra-office and inter-office communications; analyses; bulletins; regulations, rules, directives, advisory opinions, manuals, proposals; estimates; recommendations; opinions; messages; instructions; notes; notebooks; measurements; designs; sketches; drawings; blueprints; data sheets; telephone records; tapes; computer stored data; computer disks; diaries; desk calendars; work sheets; reports; facsimiles; records of telephone conversations, meetings and conferences; notes and records of conversations or interviews; invoices; bills; statements; accounts; checks; drafts; notices; computer printouts; computer tapes; photographs; slides; negatives; motion pictures; video recordings; tape or other voice recordings and transcriptions thereof; data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form; and any other writings or recordings or data compilations from which information can be obtained in your actual or constructive possession, custody, or control, including drafts and multiple versions of

- 2 -

documents containing marginalia or other comments or notes not appearing on the original. If any document was, but is no longer, in your possession or subject to your control, identify the document and identify its disposition, including, where applicable, the person who currently has possession and/or control of it.

7.    The words "identify" or "identity" mean when used in reference to:

(a)    a document, to state separately: (i) its type (letter, report, memorandum, etc.); (ii) its date; (iii) its subject matter; (iv) the identity of each author or signer; and (v) its present location and the identity of its custodian;

(b)    an oral statement, communication, conference, or conversation, to state separately: (i) its date and the place where it occurred; (ii) its substance; (iii) the identity of each person(s) participating in the communication or conversation; and (iv) the identity and location of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement;

(c)    a natural person or persons, to state separately: (i) the full name of each such person; (ii) his or her present or last known business address, or his or her present or last known residential address; and (iii) the employer of the person at the time to which the request or interrogatory is directed and the person's title or position at that time; and

(d)    an organization or entity (other than a natural person), a company, a corporation, a firm, an association, or a partnership, to state separately:

(e)    the full name and type of organization or entity; (ii) the date and state of organization or incorporation, if a business entity; (iii) the address of each of its principal places of business and headquarters; and (iv) the nature of the business conducted or services rendered.

## **INSTRUCTIONS**

1.    Respond separately and in writing to each document request.

2.    In answering these requests for information, furnish all information that is known to you, your attorneys, agents, advisers, employees, or persons otherwise acting on your behalf. If any of these requests for information cannot be answered in full, answer them to the fullest

extent possible, state the reasons for your inability to answer the remainder, and state fully the information, knowledge, or belief you now have concerning the unanswered portions.

3. Each request for information shall be construed as referring to information now within the knowledge, possession, custody, or control of you or your attorneys, agents, advisers, employees, or persons otherwise acting on your behalf, as well as any information, knowledge, data, document, or communication that subsequently is obtained or discovered by you or by your attorneys, agents, advisers, employees or persons otherwise acting on your behalf, that demonstrates that any answer originally provided in response to these requests for information was either incorrect or incomplete. Such supplemental information is to be supplied promptly to the party propounding these requests for information with a designation as to which request the information is responsive.

4. If you do not answer a request for information because you claim the information requested is privileged, as to each such request, state the privilege claimed, set forth the facts relied upon to support your claim of privilege and identify each document and/or communication upon which you base your claim of privilege.

5. If any document forms a part of or the entire basis for any answer, identify that document.

6. If any responsive document or portion of a responsive document is withheld from production on a claim of privilege, work-product protection, or other discovery immunity, such document should be identified on a privilege log which states, as to each such document: the name, affiliation, and job title of its author(s); the name, affiliation, and job title of its recipient(s); the name, affiliation, and job title of any copyholder(s); the date of the document;

the basis for the claim of privilege, protection or immunity; and the request to which the document is responsive.

7.    These requests are ongoing and you are required to file supplemental answers and/or provide additional documents as additional information becomes available.

## REQUESTS FOR PRODUCTION

1.    Produce all documents sufficient to identify your full name, including your legal name and any alias, physical address, and occupation. Please produce the government identity card for each individual identified.

**RESPONSE:**

2.    Produce all documents sufficient to identify the name, location, and URL of any and all websites that you own and/or operate, as well as all Merchant Storefronts you maintain on any third-party service platform or online marketplace, including the account name, numbers, and any associated registration details.

**RESPONSE:**

3.    Produce all business registration documents for any business or entity that operates or controls the Sells IDs or merchant Storefronts identified in your response to Interrogatory No. 3, including, but not limited to, business licenses, incorporation documents, and ownership records.

**RESPONSE:**

4.    Produce all documents sufficient to show the account details for any and all Financial Accounts used in connection with your Merchant Storefronts, including the financial institution name, account numbers, and current account balances.

**RESPONSE:**

5.      Produce all documents concerning the steps taken by you to comply with the TRO.

**RESPONSE:**

6.      Produce all documents concerning your manufacture, sale, and/or offer for sale of Infringing Products, including the complete sales records for any and all sales of Infringing Products, including the number of units sold, price per unit, total gross revenues received (in U.S. dollars) and sales dates thereof, as well as documents sufficient to identify the individuals with knowledge of the infringing sales and the shipping destinations for the Infringing Products sold.

**RESPONSE:**

7.      For each Infringing Product identified by you in your answer to Interrogatory No. 6, produce a sample of the Infringing Product and all documents concerning:

> (a)      The identity of each individual or entity involved in, or with knowledge of, the product's conception, research, development, and listing, including but not limited to the sourcing of the product for sale, creation of the product listing, and any marketing efforts used to promote the product;
>
> (b)      The date the product was first listed or offered for sale by you and the third-party service platform or online marketplace on which it was listed;
>
> (c)      The number of units sold since the product launch, broken down by month;
>
> (d)      The gross revenue in U.S. Dollars you earned from the sale of the products since their launch, broken down by month;
>
> (e)      The net profits you earned from the sale of the product since its launch, broken down by month;
>
> (f)      The shipping destinations for the products purchased through your Merchant Storefronts;

- 6 -

(g)    The identity of each individual or entity with knowledge of the number of units sold, total sales revenue, and net profits that you earned from the product since its launch;

(h)    The current inventory of the product, including the quantity of products and packaging on hand;

(i)    The identity of each entity involved in manufacturing and/or supplying the products and/or its packaging;

(j)    The identity of each individual or entity involved in the fulfillment, warehousing, logistics, or shipping of the product, including any third-party services used for order processing and delivery;

(k)    Contracts, agreements, purchase orders, or invoices concerning manufacturers, suppliers, or other third parties involved in the production, advertising, production, packaging, fulfillment, or distribution of the product.

**RESPONSE:**

8.    Produce all documents that refer to the Plaintiff's Products as defined in the Complaint.

**RESPONSE:**

9.    Produce all documents that refer to Plaintiff.

**RESPONSE:**

10.    Produce all documents concerning any communications you or your agent had with Plaintiff or any representative of Plaintiff.

**RESPONSE:**

11.    Produce all documents concerning any communications you or your agent had with any third-party service provider.

**RESPONSE:**

12.     Produce all documents concerning the Plaintiff's United States Copyright Registrations, including Nos. VA 2-420-489, VA 2-420-485, VA 2-420-488, VA 2-420-846, VA 2-423-091, VA 2-420-673, VA 2-421-507, VA 2-420-806, VA 2-420-664, VA 2-420-641, VA 2-421-420, and VA 2-421-445 ("Plaintiff's Work"):

**RESPONSE:**

13.     Produce all insurance policies in effect at the time of the claims in this case.

 **RESPONSE:**

14.     Produce all documents concerning communications from consumers that refer to the Plaintiff's Products, including but not limited to communications from consumers that indicate confusion as to the source or origin of the Plaintiff's Products and/or the Infringing Products.

**RESPONSE:**

15.     Produce a copy of each web page on which you sold and/or offered for sale Infringing Products.

**RESPONSE:**

16.     Produce all documents concerning communications from manufacturers, distributors, retailers, suppliers, vendors, or brokers about the Infringing Products.

**RESPONSE:**

17.     Produce all documents concerning your customers for the Infringing Products, including documents sufficient to identify your customers.

**RESPONSE:**

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 - Telephone
(412) 741-9292 - Facsimile

Attorneys for Plaintiff

- 9 -

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN PLOUT,

    Plaintiff,

  v.

SCHEDULE A DEFENDANTS,

    Defendants.

Case No. 26-cv-1134

Judge Wiegand

**FILED UNDER SEAL**

## PLAINTIFF'S EXPEDITED REQUESTS FOR ADMISSIONS

AND NOW comes Plaintiff, by and through their attorneys, and serve the following Expedited Requests for Admissions on each Defendant in this action. In accordance with Fed. R. Civ. P. 26 and 36, and with the Court Order dated June 5, 2026 ("TRO"), your responses are due no later than fourteen (14) days after these Requests for Admissions are served on you.

## DEFINITIONS

1.  Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Complaint, Plaintiff's *Ex Parte* Application, and/or the TRO.

2.  The terms "Defendant," "you," and "your" refer to the Defendant listed on Schedule A, including all affiliates and subsidiaries, receiving these Requests for Production.

3.  The terms "concerning" or "relating to" (or any forms thereof) mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to. As indicated, the terms necessarily include information which is in opposition to as well as in support of the position(s) and claim(s) of the parties in this civil action.

- 1 -

4.      The terms "communication" or "communications" refer to any transmission of information, the information transmitted, and any process by which information is transmitted, and will include written communications, electronic communications, and oral communications.

5.      The term "person" refers to natural persons, firms, proprietorships, associations, partnerships, corporations, and every other type of organization or entity.

6.      The terms "document" or "documents" refer to all written, typed, printed, recorded, filmed or reproduced by any other mechanical process, photographic, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, in any form, whether originals or copies, now or formerly in your possession, custody, or control, including, but not limited to: letters; correspondence; e-mails; memoranda; records; books; minutes of all types of meetings; contracts; subcontracts; agreements; exhibits; attachments; intra-office and inter-office communications; analyses; bulletins; regulations, rules, directives, advisory opinions, manuals, proposals; estimates; recommendations; opinions; messages; instructions; notes; notebooks; measurements; designs; sketches; drawings; blueprints; data sheets; telephone records; tapes; computer stored data; computer disks; diaries; desk calendars; work sheets; reports; facsimiles; records of telephone conversations, meetings and conferences; notes and records of conversations or interviews; invoices; bills; statements; accounts; checks; drafts; notices; computer printouts; computer tapes; photographs; slides; negatives; motion pictures; video recordings; tape or other voice recordings and transcriptions thereof; data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form; and any other writings or recordings or data compilations from which information can be obtained in your actual or constructive possession, custody, or control, including drafts and multiple versions of

documents containing marginalia or other comments or notes not appearing on the original. If any document was, but is no longer, in your possession or subject to your control, identify the document and identify its disposition, including, where applicable, the person who currently has possession and/or control of it.

7.    The words "identify" or "identity" mean when used in reference to:

(a)    a document, to state separately: (i) its type (letter, report, memorandum, etc.); (ii) its date; (iii) its subject matter; (iv) the identity of each author or signer; and (v) its present location and the identity of its custodian;

(b)    an oral statement, communication, conference, or conversation, to state separately: (i) its date and the place where it occurred; (ii) its substance; (iii) the identity of each person(s) participating in the communication or conversation; and (iv) the identity and location of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement;

(c)    a natural person or persons, to state separately: (i) the full name of each such person; (ii) his or her present or last known business address, or his or her present or last known residential address; and (iii) the employer of the person at the time to which the request or interrogatory is directed and the person's title or position at that time; and

(d)    an organization or entity (other than a natural person), a company, a corporation, a firm, an association, or a partnership, to state separately:

(e)    the full name and type of organization or entity; (ii) the date and state of organization or incorporation, if a business entity; (iii) the address of each of its principal places of business and headquarters; and (iv) the nature of the business conducted or services rendered.

## INSTRUCTIONS

1.    Respond separately and in writing to each request.

2.    These requests for admission shall be construed as referring to information now within the knowledge, possession, custody, or control of you or your attorneys, agents, advisers, employees, or persons otherwise acting on your behalf, as well as any information, knowledge, data, document, or communication that subsequently is obtained or discovered by you or by your

- 3 -

attorneys, agents, advisers, employees or persons otherwise acting on your behalf, that demonstrates that any answer originally provided in response to these requests for information was either incorrect or incomplete. Such supplemental information is to be supplied promptly to the party propounding these requests for information with a designation as to which request the information is responsive.

3.    If you do not answer a request for admission because you claim the information requested is privileged, as to each such request, state the privilege claimed, set forth the facts relied upon to support your claim of privilege and identify each document and/or communication upon which you base your claim of privilege.

4.    If you deny a request for admission, set forth your reason and identify and produce any document relied upon in your denial.

## REQUESTS FOR ADMISSIONS

1.    At all times relevant hereto, Plaintiff owned United States Copyright Registration Nos. VA 2-420-489, VA 2-420-485, VA 2-420-488, VA 2-420-846, VA 2-423-091, VA 2-420-673, VA 2-421-507, VA 2-420-806, VA 2-420-664, VA 2-420-641, VA 2-421-420, and VA 2-421-445 ("Plaintiff's Work") and Defendant knew that Plaintiff had the exclusive right to use and license their intellectual property and the goodwill associated therewith.

   **ADMITTED: _____    DENIED:_____**

2.    Despite having the knowledge that you had no license or legal authority to do so, you engaged in the activity of promoting and otherwise advertising, selling, offering for sale, and/or distributing Infringing Products featuring, displaying, and/or using Plaintiff's Work without authorization under your Seller ID(s) and/or Merchant Storefront(s).

   **ADMITTED: _____    DENIED: _____**

- 4 -

3.    You knew that you were copying Plaintiff's Work before you sold the Infringing Products.

**ADMITTED:** _____    **DENIED:** _____

4.    At all times relevant hereto, you were offering and selling Infringing Products in order to directly compete with Plaintiff's Products.

**ADMITTED:** _____    **DENIED:** _____

5.    You have been named as a defendant in past intellectual property infringement cases.

**ADMITTED:** _____    **DENIED:** _____

6.    You view the cost of defending this lawsuit and any damages that the Plaintiff might recover as a cost of running your business.

**ADMITTED:** _____    **DENIED:** _____

7.    You intentionally copied and/or infringed on Plaintiff's Work.

**ADMITTED:** _____    **DENIED:** _____

8.    At all times relevant hereto, you have been engaged in the fraudulent promotion, advertisement, distribution, offering for sale, and/or sale of goods that are infringements and/or unauthorized copies of genuine Plaintiff's Products.

**ADMITTED:** _____    **DENIED:** _____

9.    You intentionally make, use, offer to sell, or import into the United States infringing and/or unauthorized copies of Plaintiff's Products in connection with English language product listings, packaging, and instructions.

**ADMITTED:** _____    **DENIED:** _____

- 5 -

10.    You made more than $50,000.00 (United States Dollars) in profit on the sales of products that infringe on the Plaintiff's Work.

**ADMITTED: _____    DENIED: _____**

11.    You made more than $1,000,000.00 (United States Dollars) in profit on the sales of products that infringe on the Plaintiff's Work.

**ADMITTED: _____    DENIED: _____**

12.    You made more than $2,000,000.00 (United States Dollars) in profit on the sales of products that infringe on the Plaintiff's Work.

**ADMITTED: _____    DENIED: _____**

13.    Your Merchant Storefront did not exclude shipping to the United States, including Pennsylvania.

**ADMITTED: _____    DENIED: _____**

14.    You began selling the Infringing Products after Plaintiff obtained their federal registrations for Plaintiff's Work.

**ADMITTED: _____    DENIED: _____**

15.    At all times relevant hereto, you knew you were unfairly competing with Plaintiff by using Plaintiff's Work without authorization or consent before you sold your Infringing Products.

**ADMITTED: _____    DENIED: _____**

16.    You literally copied and/or reproduced Plaintiff's Work in creating, producing, promoting, advertising, offering for sale, and selling the Infringing Products.

**ADMITTED: _____    DENIED: _____**

17.    You did not conduct any prior research or due diligence to verify the Plaintiff's rights in the Plaintiff's Work prior to the listing, offering for sale, and sale of the Infringing Products.

**ADMITTED: _____    DENIED: _____**

18.    You did not conduct any prior research or due diligence to determine whether You were authorized to advertise, offer for sale, or sell products using Plaintiff's Work.

**ADMITTED: _____    DENIED: _____**

19.    You did not conduct any searches using images or other media to determine whether the products You listed for sale infringed upon any intellectual property rights.

**ADMITTED: _____    DENIED: _____**

20.    You knew or should have known that your actions would infringe Plaintiff's Work.

**ADMITTED: _____    DENIED: _____**

21.    You have sold more than 50,000 units of goods that infringe on the Plaintiff's Work.

**ADMITTED: _____    DENIED: _____**

22.    You have sold more than 100,000 units of goods that infringe on the Plaintiff's Work.

**ADMITTED: _____    DENIED: _____**

23.    You have sold more than 150,000 units of goods that infringe on the Plaintiff's Work.

**ADMITTED: _____    DENIED: _____**

24.    The consumer demand for the Plaintiff's Product is based upon its unique features which comprise the Plaintiff's intellectual property.

**ADMITTED:** _____    **DENIED:** _____

25.    In the absence of your sales of Infringing Products, consumers would have purchased genuine Plaintiff's Products.

**ADMITTED:** _____    **DENIED:** _____

26.    But for your sales of illegal Infringing Products, Plaintiff would have made each sale in place of the sale you made of the products.

**ADMITTED:** _____    **DENIED:** _____

27.    Your illegal sales of Infringing Products have eroded Plaintiff's market share.

**ADMITTED:** _____    **DENIED:** _____

28.    Your sales of unauthorized Infringing Products have undermined and damaged Plaintiff's reputation and goodwill associated with its products.

**ADMITTED:** _____    **DENIED:** _____

29.    Your unfair competition has driven the market price of Plaintiff's' Products down.

**ADMITTED:** _____    **DENIED:** _____

30.    But for your infringement of Plaintiff's unauthorized Infringing Products, Plaintiff would have made each sale you made instead.

**ADMITTED:** _____    **DENIED:** _____

31.    Plaintiff did not assign, consent, or license to you any of their intellectual property rights, including the right to use Plaintiff's Work.

**ADMITTED:** _____    **DENIED:** _____

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 - Telephone
(412) 741-9292 - Facsimile

Attorneys for Plaintiff